IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 17-3521 |

**OPINION**

**Slomsky, J.**                                                                                                                                                                                      **March 8, 2018**

## I.    INTRODUCTION

This case involves claims of negligence, strict liability, and breach of warranty stemming from an automobile accident allegedly caused by a tread separation[1] in the right rear tire of a 2003 Chevrolet Silverado SCI in which Plaintiffs Shane Loveland and Jacob Summers were riding. Plaintiffs Rysta Leona Susman, on behalf of her son Shane Loveland, and Jacob Summers instituted this action against nine Defendants,[2] including The Goodyear Tire and Rubber Company ("Ohio Goodyear"), alleging that Defendants designed, manufactured, marketed, and distributed the tire involved in the accident and are liable for their damages.

---

[1] A tread separation occurs when the tread of a tire separates from the rest of the tire on a moving vehicle.

[2] The complete list of Defendants is as follows: (1) Goodyear Tire & Rubber Company, a Pennsylvania corporation ("Pennsylvania Goodyear"); (2) Pennsylvania Goodyear d/b/a The Goodyear Tire and Rubber Company ("Ohio Goodyear"); (3) Pennsylvania Goodyear d/b/a Goodwear Tire and Rubber Company ("Goodwear"); (4) Goodwear; (5) Goodwear d/b/a Ohio Goodyear; (6) Goodwear d/b/a Pennsylvania Goodyear; (7) Ohio Goodyear; (8) Ohio Goodyear d/b/a Pennsylvania Goodyear; and (9) Ohio Goodyear d/b/a Goodwear. (Doc. No. 1-1 at 18.) As discussed below, Ohio Goodyear, Pennsylvania Goodyear, and Goodwear are separate entities.

1

Ohio Goodyear removed the action to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a),[3] claiming that any Pennsylvania Defendant is either fraudulently joined or a nominal party named only to defeat diversity jurisdiction. Accordingly, it argues that those Defendants should be disregarded for determining diversity jurisdiction.

Before the Court is Plaintiffs' Motion to Remand the case to the Court of Common Pleas of Philadelphia County. (Doc. No. 8.) On September 5, 2017, Defendant Ohio Goodyear filed a Response in Opposition to Plaintiffs' Motion to Remand (Doc. No. 10), and on September 19, 2017, Plaintiffs filed a Reply (Doc. No. 12). Ohio Goodyear has also filed a Sur-Reply. (Doc. No. 15.) On November 13, 2017, a hearing was held on the Motion to Remand, and on November 14, 2017, the parties filed supplemental briefs (Doc. Nos. 24, 25, 26). The Motion is ripe for a decision. For reasons that follow, Plaintiffs' Motion to Remand will be denied.[4]

## II. BACKGROUND

### A. Factual Background

On May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SCI pickup truck when the right rear tire of the vehicle suffered a tread separation. (Doc. No. 1-1 ¶ 10.) The tread separation caused the driver to lose control of the vehicle. (Id.) The vehicle crossed into the median and rolled over. (Id.) As a result, Loveland sustained significant brain damage and other injuries, while Summers suffered orthopedic injuries. (Id.) Plaintiffs allege that the right rear tire of the vehicle was a Goodyear Wrangler

---

[3] 28 U.S.C. § 1332(a) provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

[4] In reaching a decision, the Court has considered the following documents: Defendant Ohio Goodyear's Notice of Removal (Doc. No. 1); Plaintiffs' Motion to Remand (Doc. No. 8); Ohio Goodyear's Response in Opposition (Doc. No. 10); Plaintiffs' Reply (Doc. No. 12); Ohio Goodyear's Sur-Reply (Doc. No. 15); the arguments of counsel at the November 13, 2017 hearing; and the supplemental briefs filed by the parties (Doc. Nos. 24, 25, 26).

2

tire.[5] (Id. ¶ 11.) They assert that the design, manufacture, and marketing of the tire were defective and unreasonably dangerous and that the tire tread separation caused the loss of control of the vehicle. (Id.)

### B. Procedural History

#### 1. The First Action Against Pennsylvania Goodyear

On March 8, 2017, Plaintiffs filed a lawsuit in the Court of Common Pleas of Philadelphia County, naming Goodyear Tire and Rubber Company ("Pennsylvania Goodyear") as the sole Defendant. Susman et al. v. Goodyear Tire & Rubber Co., Civ. A. No. 17-1682 (E.D. Pa. Apr. 12, 2017), ECF No. 1-1. The Complaint alleges negligence in Count I, strict liability in Count II, and breach of warranty in Count III, stemming from the design, manufacture, and sale of the tire involved in the accident. Id. at 4-8.

The Complaint asserts that Plaintiffs Loveland and Summers are residents of Nebraska and that Pennsylvania Goodyear "is a domestic Pennsylvania entity that is actively registered with the Pennsylvania Department of State as a domestic Pennsylvania business entity." Id. ¶¶ 2-5. The Complaint explains that although Pennsylvania Goodyear is a domestic Pennsylvania business entity, it can be served at 200 Innovation Way, Akron, Ohio. Id. at 3, ¶ 5.

On March 13, 2017, Ohio Goodyear accepted service of process on behalf of Pennsylvania Goodyear.[6] Id. at ECF No. 1-2 at 2-4. On April 12, 2017, Ohio Goodyear timely

---

[5] Plaintiffs specifically allege that the tire was a Goodyear Wrangler HT, LT235/85R16 Load Range "F" bearing DOT MDORNJHV0244. (Doc. No. 1-1 ¶ 11.)

[6] Ohio Goodyear's company name is "The Goodyear Tire and Rubber Company," while Pennsylvania Goodyear's company name is "Goodyear Tire and Rubber Company. (Doc. No. 10 at 7.) In its Opposition to the Motion to Remand, Ohio Goodyear explains that it accepted service of process on behalf of Pennsylvania Goodyear because it believed that Plaintiffs had mistakenly dropped the word "The" from its company name. (Doc. No. 10 at 7.) Thus, Ohio Goodyear accepted service, believing that Plaintiffs intended to serve it rather than Pennsylvania Goodyear. (Id.)

3

removed the case to the United States District Court for the Eastern District of Pennsylvania. Id. at ECF No. 1. Ohio Goodyear argued that the Court had diversity of citizenship jurisdiction over the action under 28 U.S.C. § 1332(a) because Plaintiffs are citizens of Nebraska, and Ohio Goodyear, the only true Defendant, is a citizen of Ohio. Id. at 2.

Ohio Goodyear attached the April 12, 2017 sworn Declaration of Daniel T. Young, Assistant Secretary of Ohio Goodyear, to the Notice of Removal.[7] Id. at ECF No. 1-3. In the Declaration, Young stated that Ohio Goodyear is incorporated under the laws of Ohio and that it maintains its corporate headquarters at 200 Innovation Way, Akron, Ohio. Id. ¶¶ 4, 5. He explained that although the Pennsylvania Department of State website lists Pennsylvania Goodyear as an active, domestic Pennsylvania corporation, the documents under the Pennsylvania Goodyear heading relate to Goodwear Tire & Rubber Company ("Goodwear"), a separate entity, and apparently were linked to Pennsylvania Goodyear in error. Id. ¶¶ 7-9. He stated that to the best of his knowledge and belief, Ohio Goodyear "is not and has never been related to" Goodwear and that the tire at issue was designed and manufactured by Ohio Goodyear. Id. ¶¶ 9, 10.

Ohio Goodyear then filed a Motion to Transfer the case to the United States District Court for the District of Nebraska, Id., at ECF No. 5, which Plaintiffs did not oppose. Instead, Plaintiffs filed a Motion to Remand. Id. at ECF No. 6. On May 15, 2017, Ohio Goodyear provided Plaintiffs with a letter from the Pennsylvania Department of State explaining that Pennsylvania Goodyear was listed in error and should have been listed as Goodwear. (Doc. No. 1-1 at 3.) On May 18, 2017, Plaintiffs filed a Stipulation of Dismissal Without Prejudice,, and

---

[7] The Declaration is erroneously dated April 12, 2016.

the action was terminated.  See Stipulation of Dismissal Without Prejudice, <u>Susman et al. v. Goodyear Tire & Rubber Co.</u>, Civ. A. No. 17-1682 (E.D. Pa. May 18, 2017), ECF No. 8.

### 2. The Instant Action

On May 1, 2017, while Ohio Goodyear's Motion to Transfer and Plaintiffs' Motion to Remand were still pending before this Court under Civil Action No. 17-1682, Plaintiffs filed a Praecipe to Issue Writ of Summons in the Court of Common Pleas of Philadelphia County, naming nine Defendants in the Writ. (Doc. No. 1-1.) Defendants are (1) Pennsylvania Goodyear; (2) Pennsylvania Goodyear d/b/a Ohio Goodyear; (3) Pennsylvania Goodyear d/b/a Goodwear; (4) Goodwear; (5) Goodwear d/b/a Ohio Goodyear; (6) Goodwear d/b/a Pennsylvania Goodyear; (7) Ohio Goodyear; (8) Ohio Goodyear d/b/a Pennsylvania Goodyear; and (9) Ohio Goodyear d/b/a Goodwear. (Id. at 18.)

On July 18, 2017, Plaintiffs filed the instant Complaint in the Court of Common Pleas of Philadelphia County, naming the nine entities listed above as Defendants. (Id.) Plaintiffs attempted to serve Goodwear and Pennsylvania Goodyear by mailing original service of process to Ohio Goodyear's corporate headquarters in Akron, Ohio. (Doc. No. 1 at 5 n.3.) But Ohio Goodyear rejected service on behalf of those entities and was the only Defendant served in this action. (Id.) The Complaint asserts the same facts and claims as the dismissed Complaint in Civil Action No. 17-1682. In Count I, Plaintiffs allege negligence for the defective design, manufacture, marketing, and distribution of the tire at issue. (Doc. No. 1-1 at 21-22.) In Count II, Plaintiffs assert strict liability for the defective design, manufacture, marketing, and distribution of the tire at issue. (Id. at 22-23.) In Count III, Plaintiffs claim breach of the warranty of merchantability with respect to the tire. (Id. at 24-25.)

On August 7, 2017, Ohio Goodyear removed the case to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. No. 1.) Ohio Goodyear submits

that Plaintiffs, citizens of Nebraska, are diverse from Ohio Goodyear, a citizen of Ohio. (Id. ¶ 20.) Ohio Goodyear submits that although Goodwear appears to be a citizen of Pennsylvania, it has been fraudulently joined in this action, and thus its citizenship does not affect jurisdiction. (Id. ¶¶ 23, 26.) It further alleges that Pennsylvania Goodyear is a nominal Defendant—that is, it does not actually exist and therefore its citizenship does not affect the Court's exercise of subject matter jurisdiction. (Id. ¶ 22.) On August 8, 2017, Ohio Goodyear filed a Motion to Transfer the action to the District of Nebraska (Doc. No. 2), and on August 11, 2017, it filed an Answer to Plaintiffs' Complaint (Doc. No. 3).

On August 23, 2017, Plaintiffs filed a Motion to Remand to the Court of Common Pleas of Philadelphia County, arguing that Goodwear is a citizen of Pennsylvania and that pursuant to 28 U.S.C. § 1441(b)(2),[8] the action is not removable. (Doc. No. 8-1 at 1.) On September 5, 2017, Ohio Goodyear filed a Response in Opposition to the Motion to Remand. (Doc. No. 10.) Along with other exhibits, Ohio Goodyear attaches a second sworn Declaration of Daniel T. Young, Assistant Secretary of Ohio Goodyear, dated September 1, 2017 ("September Young Declaration"). (Doc. No. 10-1.)

In the September Young Declaration, Young reiterates that Ohio Goodyear is an Ohio company. (Id. ¶¶ 4-6.) He states that to the best of his knowledge, Ohio Goodyear is not related to the Pennsylvania business, Goodwear, and has not permitted Goodwear to do business as Ohio Goodyear. (Id. ¶ 7.) He also states that Plaintiffs' claims rest on activities undertaken by Ohio

---

[8]  28 U.S.C. § 1441(b)(2) prohibits removal based on diversity jurisdiction if any defendant is a citizen of the state in which the action was brought. Section 1441(b)(2) provides as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

6

Goodyear "and not at all by either of the supposed Pennsylvania business entities named as defendants in this matter." (Id. ¶ 9.) He asserts that Ohio Goodyear designed, manufactured, sold, and warranted the tire at issue without the input or assistance of Goodwear. (Id. ¶¶ 10-13.) Finally, Young submits:

> 14. To the best of my knowledge, the supposed Pennsylvania entity that plaintiffs refer to as [Goodwear] does not exist and, in any event, it played *no role* in any of the activities that underlie each of the claims raised in this action.
>
> 15. I have been informed by counsel that they have confirmed with the Pennsylvania Department of state that the other supposed Pennsylvania business entity named by plaintiffs, [Pennsylvania Goodyear], does not exist. In any event, [Ohio Goodyear] designed, manufactured, sold, and warranted the tire at issue without the input or assistance of that supposed Pennsylvania business entity. Further, [Ohio Goodyear] has no affiliation whatsoever with [Pennsylvania Goodyear]—no trademark agreements, no licensing agreements, no business dealings, and certainly no agreement that one can do business as or otherwise represent the other. Outside of plaintiffs' allegations in this lawsuit, I am unaware of any circumstance in which [Ohio Goodyear] has ever been associated with a Pennsylvania business known as [Pennsylvania Goodyear].

(Id. ¶¶ 14, 15 (emphasis in original).)

On September 19, 2017, Plaintiffs filed a Reply. (Doc. No. 12.) On September 26, 2017, Ohio Goodyear filed a Motion to Strike Plaintiffs' Reply, or in the alternative, a Motion for Leave to Raise a Brief Sur-Reply (Doc. No. 15), which Plaintiffs opposed (Doc. No. 18).

On November 13, 2017, the Court held a hearing on the Motions. Following the hearing, the Court denied Ohio Goodyear's Motion to Strike and granted its Motion for Leave to Raise a Brief Sur-Reply. (Doc. No. 22.) The Court also denied without prejudice Ohio Goodyear's Motion to Transfer, explaining that it may file a renewed Motion to Transfer if the Court denies Plaintiffs' Motion to Remand. (Doc. No. 23.) On November 14, 2017, Ohio Goodyear filed a supplemental brief. (Doc. No. 25.) On November 15, 2017, in response to the Court's questions

7

at the hearing, Plaintiffs filed a proposed Notice of Videotaped Deposition of Young.[9] (Doc. No. 25.) Ohio Goodyear filed objections to the proposed Notice of Deposition. (Doc. No. 16.)

---

[9] At the November 13, 2017 hearing, the Court asked counsel for Plaintiffs whether he wished to depose Young on the claims in his Affidavit. (H'rg Tr. at 18:11, Nov. 13, 2017.) Counsel for Plaintiffs stated that he did. (Id. at 18:12.) The Court permitted the parties to submit supplemental filings regarding whether counsel for Plaintiffs should be permitted to depose Young. Upon review of the record, Court concludes that jurisdictional discovery in the form of deposing Young is not warranted in this case.

A "limited piercing of the allegations to discover fraudulent joinder" can be appropriate. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990) (citation omitted). But "[t]he limitation is significant, however, with the permissible inquiry being less probing than the review a district court conducts in deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig., 257 F. Supp. 3d 717, 719 (E.D. Pa. 2017) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992)).

In the context of fraudulent joinder, courts have based their decisions on uncontested evidence in the record. See, e.g., Weaver v. Conrail, Inc., Civ. A. No. 09-5592, 2010 WL 2773382, at *8-9 (E.D. Pa. July 13, 2010) (Slomsky, J.) (holding that defendant was fraudulently joined based on uncontested documents submitted by defendant); Bernsten v. Balli Steel, PLC, Civ. A. No. 08-62, 2008 WL 862470, at *6 (E.D. Pa. Mar. 31, 2008) (denying remand based on uncontested documents defendant submitted). Courts have denied remand where defendants supported their opposition to remand with uncontested affidavits. See, e.g., Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 183-86 (1907) (affirming finding of fraudulent joinder based on two affidavits of agents of defendant company which were not contradicted by plaintiff's submissions); Smoot v. Chi., Rock Island & Pac. R.R. Co., 378 F.2d 879, 882-84 (10th Cir. 1967) (affirming denial of remand based on fraudulent joinder where defendant submitted uncontradicted affidavit to support burden).

Here, Ohio Goodyear supports its Opposition to the Motion to Remand with numerous documents, including the September Young Affidavit. (Doc. No. 10-1, 10-3, 10-11, 10-13.) In the Affidavit, Young states that neither Goodwear nor Pennsylvania Goodyear played any role in the activities that underlie the claims and that Ohio Goodyear designed, manufactured, sold, and warranted the tire at issue without the input or assistance of Goodwear or Pennsylvania Goodyear. (10-1 ¶¶ 9-15.) Although Plaintiffs submit advertisements and articles from the early 1900s to argue that Ohio Goodyear at one time was related to Goodwear, (Doc. Nos. 8-5 to 8-9), none of the documents Plaintiffs submit contradict Young's Affidavit and documents proving that Ohio Goodyear was the only entity responsible for the design, manufacture, and sale of the tire. For this reason, Plaintiffs will not be permitted to depose Young.

Based on the record presently before the Court, jurisdictional discovery is not warranted, and the Court will decide Plaintiffs' Motion to Remand based on the submissions of the parties. Accordingly, the Motion for Remand is ripe for a decision.

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." § 1441(a). A district court has original jurisdiction over a civil action between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). A civil action otherwise removable only based on diversity jurisdiction under § 1332(a) may not be removed, however, "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). Removal predicated on diversity of citizenship jurisdiction requires that the amount in controversy is satisfied and that there is "complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006) (citation omitted).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In diversity cases, "[w]hen a non-diverse party has been joined as a defendant . . . the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." In re Briscoe, 448 F.3d at 217 (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)).

## IV. ANALYSIS

Plaintiffs move to remand this case to the Court of Common Pleas of Philadelphia County, arguing that Goodwear's and Pennsylvania Goodyear's Pennsylvania citizenship prevents removal under the forum defendant rule. In response, Ohio Goodyear submits that

Goodwear was fraudulently joined in this action, Pennsylvania Goodyear does not exist, and therefore neither entity deprives this Court of jurisdiction. The Court will address each argument in turn.

> **A. Goodwear Was Fraudulently Joined in This Action and Will Be Disregarded for Purposes of Determining Diversity of Citizenship Jurisdiction**

Plaintiffs contend that Goodwear was not fraudulently joined because the Complaint states colorable claims against it. (Doc. No. 8-1 at 3.) They argue that although Ohio Goodyear has submitted the September Young Affidavit to show that Ohio Goodyear is not related to Goodwear, the Affidavit is equivocal. (Id. at 4.) Plaintiffs submit advertisements and articles from the early 1900s to show that Goodwear and Ohio Goodyear likely were related at one time, although the Pennsylvania Department of State records do not reflect such a relationship. (Id. at 4; Doc. No. 8-2 at 1-2.) By contrast, Ohio Goodyear asserts that the September Young Affidavit provides unequivocal evidence that Ohio Goodyear designed, manufactured, sold, and warranted the tire at issue without the input or assistance of Goodwear. (Doc. No. 10 at 18.) Ohio Goodyear argues that the advertisements and publications Plaintiffs submit do not call into question the September Young Affidavit because they do not show a connection between the entities, do not prove a basis for Plaintiffs' claims against Goodwear, and were never properly authenticated. (Id. at 20-21.) As such, Ohio Goodyear submits that Goodwear is a "straw-man defendant" joined to deprive this Court of jurisdiction. (Id. at 21.) The Court agrees.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d at 215-16. In In re Briscoe, the Third Circuit explained:

> If the district court determines that the joinder was "fraudulent" in this sense, the court can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457,

> 461 (4th Cir. 1999) (citation omitted). If, however, the district court determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court. 28 U.S.C. § 1447(c).

Id. at 216. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Id. at 217 (quoting Batoff, 977 F.2d at 851). The removing party "carries a heavy burden of persuasion" because "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Id. (quoting Batoff, 977 F.2d at 851).

In evaluating whether a party has been fraudulently joined, "the district court must focus on the plaintiff's complaint at the time the petition for removal was filed" and "must assume as true all factual allegations of the complaint." Id. at 217 (quoting Batoff, 977 F.2d at 851-52). However, a "limited piercing of the allegations to discover fraudulent joinder" may be permitted. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990) (citing Smoot v. Chi., Rock Island & Pac. R.R. Co., 378 F.2d 879 (10th Cir. 1967)).

Although the Third Circuit has not addressed fraudulent joinder where the forum defendant rule otherwise would prevent removal, district courts in the Third Circuit, as well as other Courts of Appeals, have held that the doctrine of fraudulent joinder applies to forum defendants. See, e.g., Couzens v. Donohue, 854 F.3d 508, 513 (8th Cir. 2017) (noting that because defendants were fraudulently joined, forum defendant rule did not prevent removal); Jallad v. Felix Madera & Progressive Ins., Civ. A. No. 16-4795, 2016 WL 6600036, at *3 (E.D. Pa. Nov. 8, 2016) ("[A]n action can be removed despite the existence of forum-state or non-diverse defendants if those parties were 'fraudulently' named as defendants with the sole purpose of defeating federal jurisdiction." (quoting Moore v. Johnson & Johnson, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012))); Snider v. Sterling Airways, Inc., Civ. A. No. 12-3054, 2013 WL 159813,

at *3 n.5 (E.D. Pa. Jan. 15, 2013) ("[F]raudulent joinder principles also apply to joinder for purposes of invoking the forum defendant rule."); Yellen v. Teledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (holding that fraudulent joinder prevents a plaintiff from "improperly invoking the forum defendant rule to shield itself from removal").

District courts have denied remand where the burden of proving fraudulent joinder was met through uncontested evidence that no reasonable basis in fact existed for the claim against a fraudulently joined defendant. In Weaver v. Conrail, Inc., plaintiff sued various railroad companies, including the Pennsylvania corporation Conrail, for injuries she sustained on railroad tracks. Civ. A. No. 09-5592, 2010 WL 2773382, at *1 (E.D. Pa. July 13, 2010) (Slomsky, J.). Defendants filed a notice of removal, alleging that the citizenship of Conrail should be disregarded because no "reasonable basis in fact or colorable ground" supported the claims against it. Id. at *2. In reconsidering its remand order, the Court concluded:

> Here, Conrail Defendants have submitted three separate methods of proof, all of which the Court may take judicial notice, to demonstrate that Conrail Defendants did not own, operate, maintain or control the railroad tracks where Plaintiff was injured at the time of her accident. Furthermore, Plaintiff has not contested this evidence. Accordingly, Plaintiff's claim against Conrail Defendants under Count I cannot be premised upon Conrail Defendants' alleged ownership, maintenance, operation, or control of the railroad tracks in 2009.

Id. at *9; see also Bernsten v. Balli Steel, PLC, Civ. A. No. 08-62, 2008 WL 862470, at *6-7 (E.D. Pa. Mar. 31, 2008) (finding that entity was fraudulently joined where defendant produced documents establishing its exclusive control over material at issue and where no evidence existed that plaintiff had any real intention in good faith to prosecute action against entity).

Similarly, in Arndt v. Johnson & Johnson, plaintiff sued sixteen defendants for tort claims arising from his son's death after ingesting defective Infant's Tylenol. Civ. A. No. 12-6633, 2014 WL 882777, at *1 (E.D. Pa. Mar. 6, 2014). Defendants removed the case, arguing that certain individual corporate officers and the store at which plaintiff purchased the Tylenol were

fraudulently joined.  Id.  Plaintiff moved to remand.  Id.  The court held that because plaintiff had not alleged any conduct on the part of the individual officers that was causally connected to his injury, they were fraudulently joined.  Id. at 7-8.  With respect to the store, because the claims against it either were time-barred or were clearly lacking merit, it too was fraudulently joined.  Id. at *10.  The court denied plaintiff's motion to remand.  Id.; see also McNulty v. Aucher Indus. Serv., Inc., Civ. A. No. 15-5363, 2015 WL 7252907, at *3 (E.D. Pa. Nov. 17, 2015) (holding that doctrine of fraudulent joinder applied where undisputed evidence proved that out-of-possession landlords could not be held liable under Pennsylvania law for the injuries).

In the instant case, Goodwear was fraudulently joined and can be disregarded for purposes of determining diversity jurisdiction because no reasonable basis in fact supports the claims against it.  As an initial matter, the Court finds that the doctrine of fraudulent joinder applies in this case, even though Goodwear is a citizen of Pennsylvania and therefore a forum defendant.  Although Plaintiffs cite decisions from the Southern District of Illinois to argue that the doctrine should not apply, numerous courts in the Third Circuit have held that fraudulent joinder applies to forum defendants.  See, e.g., Yellen, 832 F. Supp. 2d at 503 (providing that fraudulent joinder prevents plaintiff from using forum defendant rule to avoid removal).

To support its fraudulent joinder allegation, Ohio Goodyear submits evidence to prove that it was the only entity involved with the tire at issue, including the September Young Affidavit; the Motor Vehicle Accident Report; and the Declaration of Jay K. Lawrence, Manager of Product Analysis for Ohio Goodyear.  (Doc. Nos. 10-1, 10-3, 10-13.)  In the September Young Affidavit, Young admits that Ohio Goodyear designed, manufactured, sold, and warranted the tire.  (Doc. No. 10-1 ¶¶ 10-13.)  He also states that Goodwear played no role in the activities that

13

underlie the claims in the Complaint. (Id. ¶ 14.) Moreover, he provides that to the best of his knowledge, Goodwear does not exist. (Id.)

In an attempt to cast uncertainty onto Ohio Goodyear's evidence, Plaintiffs submit advertisements and articles from the early 1900s with slogans such as "Goodyear means Goodwear" to prove that it is possible that Ohio Goodyear and Goodwear were related. (Doc. Nos. 8-5 to 8-9.) That Ohio Goodyear at one time may have been related to Goodwear does not prove that there is a reasonable basis in fact for the claims against it. The September Young Affidavit unequivocally provides that Ohio Goodyear "is not related to, is not and has not been associated with, and has no affiliation whatsoever with" Goodwear. (Doc. No. 10-1 ¶ 8.) And none of Plaintiffs' documents contradict the September Young Affidavit, which proves that Ohio Goodyear was the only entity involved with the tire. Thus, Ohio Goodyear has carried its "heavy burden" of proving that Goodwear was fraudulently joined in this action. See Weaver, 2010 WL 2773382, at *9 (holding that defendant was fraudulently joined where it provided uncontradicted evidence that it did not own, operate, maintain, or control the train tracks at issue). Accordingly, the citizenship of Goodwear will not be considered in determining whether this Court has diversity jurisdiction, and Goodwear will be dismissed as a Defendant in this case.

### B. Pennsylvania Goodyear Does Not Exist and Will Be Disregarded for Purposes of Determining Diversity of Citizenship Jurisdiction

Plaintiffs assert that uncertainties surrounding whether Pennsylvania Goodyear exists require this Court to grant remand. (Doc. No. 8-2 at 2-3.) Plaintiffs contend that records from the Pennsylvania Secretary of State show that Pennsylvania Goodyear existed in April 2017, and therefore remand is proper. (Id. at 3.) In response, Ohio Goodyear submits that the Pennsylvania Department of State website shows that Pennsylvania Goodyear does not in fact exist and that its previous certification was issued as the result of a typographical error. (Doc.

No. 10 at 14.) Ohio Goodyear asserts that it has provided affirmative and unequivocal proof that Pennsylvania Goodyear does not exist, is a nominal Defendant, and should be disregarded for the purposes of diversity jurisdiction. (Id. at 15.) The Court agrees.

For diversity of citizenship jurisdiction, the "citizens" upon whom a plaintiff bases jurisdiction "must be real and substantial parties to the controversy." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 358 (3d Cir. 2013) (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980)). As a result, "a federal court must disregard nominal or formal parties" and must "base its jurisdiction only upon the citizenship of parties with 'a real interest in the litigation.'" Id. (first quoting Navarro, 446 U.S. at 461; then quoting Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991)).

In Davis v. OneBeacon Insurance Group, plaintiff brought claims in state court against his insurance company OneBeacon for its refusal to authorize treatment for a shoulder injury. 721 F. Supp. 2d 329, 333 (D.N.J. 2010). OneBeacon removed the case to federal court, asserting that plaintiff had incorrectly named it as a defendant. Id. It argued that OneBeacon did not exist but instead was a trade name, that the correct defendant was the insurance company PA General, and that the court had diversity jurisdiction over the case based on PA General's citizenship. Id. at 133-34. Plaintiff moved to remand, contending that the parties were not diverse because OneBeacon was the proper insurance carrier. Id. at 334. He supported his argument with documents from his administrative proceeding and service of process in the state court action. Id. PA General supported its position with the affidavit of its Secretary, its insurance policy, and letters sent to plaintiff's counsel, all providing that PA General was the proper entity. Id. at 336.

The court held that PA General was the proper defendant and that it had diversity jurisdiction over the action. Id. Although OneBeacon was identified as the proper party at the

administrative proceeding and although plaintiff served OneBeacon with process, plaintiff had not offered sufficient evidence to undercut the reliability of PA General's evidence. Id. at 337. The court stated that "the citizenship of the non-existent entity" is not "considered for purposes of complete diversity of citizenship." Id. The court concluded that OneBeacon was a non-existent entity and that it had diversity jurisdiction over the action. Id.; see also Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002) (concluding that defendant trade association was a nominal party that could be disregarded for determining diversity jurisdiction where undisputed evidence proved that it had dissolved, had no operations, and its liabilities had been transferred to successor association).

Here, evidence provided by Ohio Goodyear, including Pennsylvania Department of State records and the September Young Affidavit, prove that Pennsylvania Goodyear does not exist, and therefore its citizenship can be disregarded for purposes of diversity jurisdiction. Although in April 2017, Pennsylvania Goodyear was listed on the Pennsylvania Department of State website as a Pennsylvania domestic entity, Ohio Goodyear submitted a letter from the Pennsylvania Department of State explaining that Pennsylvania Goodyear "was listed on the Certificate due to a typographical error in the Department of State's database." (Doc. No. 8-21 at 2.) The letter continues that the Certificate should have listed the name Goodwear and that the error has been corrected. (Id.) That Pennsylvania Goodyear at one time was erroneously listed on the Pennsylvania Department of State website does not contradict the evidence Ohio Goodyear has submitted. Moreover, even if Pennsylvania Goodyear did exist, the September

Young Affidavit provides that Ohio Goodyear "has no affiliation whatsoever" with it. (Doc. No. 10-1 ¶ 15.) Plaintiffs have offered no evidence to contradict this assertion.[10]

Given the evidence submitted, the Court finds that Pennsylvania Goodyear is a non-existent entity that will be disregarded for determining diversity jurisdiction. Plaintiffs have not offered "any evidence to sufficiently undermine the veracity of those representations made by" Ohio Goodyear, see Davis, 721 F. Supp. 2d at 337, and have not offered any credible evidence to prove that Pennsylvania Goodyear exists. In fact, Plaintiffs have offered no evidence related to Pennsylvania Goodyear other than its erroneous Pennsylvania Department of State Certificate. For these reasons, the citizenship of Pennsylvania Goodyear will be disregarded for purposes of determining diversity jurisdiction.

### C. This Court Has Diversity of Citizenship Jurisdiction over This Action Because Plaintiffs Are Diverse from Ohio Goodyear

Having concluded that the citizenships of Goodwear and Pennsylvania Goodyear will be disregarded, the Court now must determine whether it has diversity jurisdiction. A district court has original jurisdiction over a civil action between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). An individual's citizenship is that of his domicile, which is "his true, fixed and permanent home and place of habitation" and "the place to which, whenever he is absent, he has the intention of returning." Freidrich v. Davis, 767 F.3d 374, 378 (3d Cir. 2014) (quoting McCann v. Newman Irrevocable Tr., 458 F.3d 281, 268 (3d Cir. 2006)). A corporation's citizenship is that of "both its state of

---

[10] Although Plaintiffs argue that in the first action, Ohio Goodyear accepted service of process on behalf of Pennsylvania Goodyear, Ohio Goodyear has explained that it accepted service because it believed Plaintiffs had inadvertently omitted the word "The" from Ohio Goodyear's company name. (Doc. No. 10 at 7.) Thus, the fact that Ohio Goodyear erroneously accepted service of process for the non-existent entity Pennsylvania Goodyear does not contradict evidence proving that it does not exist.

incorporation and the state where it has its principal place of business." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 394 (3d Cir. 2016) (quoting Johnson, 724 F.3d at 347).

In determining the amount in controversy, a federal court must "begin with a reading of the complaint filed in the state court." Fredrico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (quoting Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004)). When a "complaint does not limit its request for damages to a precise monetary amount," then the court may "make an independent appraisal of the value of the claim." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (citation omitted). Remand is proper where the party challenging jurisdiction proves "to a legal certainty, that the amount in controversy could not exceed the statutory threshold." Fredrico, 507 F.3d at 195 (emphasis in original). And "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Auto-Owners Ins. Co., 835 F.3d at 397 (quoting Angus, 989 F.2d at 146).

In the instant case, it is undisputed that Plaintiffs are citizens of Nebraska, where they are domiciled. (Doc. No. 1-1 ¶¶ 2-4.); see also Freidrich, 767 F.3d at 378. Ohio Goodyear is a citizen of Ohio, where it is headquartered and has its principal place of business. (Doc. No. 10-1 ¶¶ 4-5.); see also Auto-Owners Ins. Co., 835 F.3d at 394. Therefore, Plaintiffs are diverse from Ohio Goodyear, the sole remaining Defendant in this action.

The amount in controversy also is met. In the Complaint, Plaintiffs seek damages "in excess of $50,000." (Doc. No. 1-1 at 25.) The Complaint does not limit its request to a precise monetary amount, so the Court must make an independent appraisal of Plaintiffs' claims. See Angus, 989 F.2d at 146. The Complaint alleges that Plaintiff Loveland suffered "significant brain injuries among other injuries" and that Plaintiff Summers "suffered significant orthopedic

18

injuries." (Doc. No. 1-1 ¶ 10.) Given the severity of the injuries alleged, a reasonable reading of the value of the claims proves that Plaintiffs can recover damages in excess of $75,000. See Myers v. State Farm Mut. Auto. Ins. Co., 2017 WL 3592031, at *1-3 (E.D. Pa. Aug. 21, 2017) (holding that although complaint sought an amount greater than $50,000, and plaintiff contended that amount in controversy was less than $75,000, an "independent appraisal of the allegations" proved amount in controversy was satisfied). Because all Plaintiffs are diverse from Ohio Goodyear and the amount in controversy is met, this Court has diversity jurisdiction.

## V.  CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Remand (Doc. No. 8) will be denied. The following Defendants will be dismissed from this action: (1) Pennsylvania Goodyear; (2) Pennsylvania Goodyear d/b/a Ohio Goodyear; (3) Pennsylvania Goodyear d/b/a Goodwear; (4) Goodwear; (5) Goodwear d/b/a Ohio Goodyear; (6) Goodwear d/b/a Pennsylvania Goodyear; (7) Ohio Goodyear d/b/a Pennsylvania Goodyear; and (8) Ohio Goodyear d/b/a Goodwear. Ohio Goodyear is the only Defendant remaining in this action. An appropriate Order follows.